IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                   Case No. 22-10014-JWB

DANIEL KROEKER,

    Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on the government's appeal of the magistrate judge's order of release, and its motion for detention. (Doc. 12.) The court held a hearing on May 3, 2022 and took the matter under advisement. For the reasons stated herein, the government's motion for detention (Doc. 12) is GRANTED and the magistrate judge's order of release (Doc. 10) is REVOKED.

**I. Factual and Procedural History**

On March 22, 2022, a grand jury returned a two-count indictment against Defendant. Count one essentially charged that on July 14, 2019, Defendant knowingly received child pornography by means of interstate commerce, in violation of 18 U.S.C. § 2252A(a)(2). Count two charged that on December 9, 2020, Defendant knowingly possessed material containing an image of child pornography that had been transported in interstate commerce and that was produced with materials in interstate commerce, and which involved a prepubescent minor who has not attained twelve years of age, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). (Doc. 1.)

The government proffered facts relating to the alleged offenses including the following. In January of 2020, North Dakota law enforcement officers searched the residence of one Kyle Enzminger based on a report from Tumblr of uploaded child sexual abuse material. A search of Enzminger's Tumblr account showed he had sent an image depicting sexual exploitation of a 6-year-old child to various users, including the user "tobeautifulwomen," who received the depiction on July 14, 2019, at a particular Internet Protocol ("IP") address. A subsequent search of the latter account showed it was associated with Defendant's name and that the IP address had been accessed from Defendant's residence in Dighton, Kansas. Chat records from the "tobeautifulwomen" account showed communications with individuals who self-identified as minors and to whom child pornography images were sent. The chats included messages from the "tobeautifulwomen" user admitting that he had been suspended twice previously for sharing child pornography and encouraging others to move to a different media platform to exchange such images.

Defendant was arrested by Kansas law enforcement agents on December 9, 2020. Defendant admitted to having searched for child pornography and having used Tumblr to chat with minors such that his account was suspended. A search of Defendant's devices showed they contained child pornography. Defendant was charged in state court and was released on bond with conditions, including GPS monitoring and weekly courthouse visits. One of the state charges involving solicitation of a minor was dismissed by the state court because evidence indicated Defendant's communication was with the parent of the minor rather than with the minor. At some point, as additional images of child pornography were found on the devices previously seized, the matter was referred to the United States Attorney, and the instant indictment ensued.

The government's proffer about Defendant's communication with the parent of a minor, alluded to above, indicates there is evidence that in July 2019 Defendant engaged in a graphic

discussion with the parent about sexual abuse of the minor (and others) by the parent, and that Defendant indicated an interest in and essentially encouraged the parent's sexual abuse of the child. There is evidence that Defendant requested and received an image depicting the sexual abuse of the minor.

The government moved for detention pending trial, arguing Defendant was both a danger to the community and a flight risk. The magistrate judge ordered that Defendant be released pending trial under various conditions, including a curfew restricting him to his residency from 7 p.m. to 7 a.m., location monitoring, and having no unsupervised contact with minors. The government now seeks revocation of the order of release and an order that Defendant be detained pending trial.

## II. Legal Standard

Pursuant to 18 U.S.C. § 3145(a)(1), the government may seek review of a magistrate judge's order of release. The district court's review of a magistrate judge's order of release is de novo. *United States v. Cisneros*, 328 F.3d 610, 616 n. 1 (10th Cir. 2003). A de novo evidentiary hearing, however, is not required. The district court may either "start from scratch and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted." *United States v. Collier*, No. 12-20021-09, 2012 WL 4463435, at *1 (D. Kan. Sept. 27, 2012) (citing *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991)). The Federal Rules of Evidence do not apply to detention hearings. *See* 18 U.S.C. § 3142(f). The court may allow the parties to present information by proffer or it may insist on direct testimony. *See id*.

Under the Bail Reform Act of 1984, the court must order a defendant's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and

the community." 18 U.S.C. § 3142(e). In making this determination, the court must take into account the available information concerning

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence...or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including-
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Bail Reform Act provides a rebuttable presumption of risk of flight and danger to the community when a defendant is charged with an offense involving a minor victim under § 2252A(a)(2), as in this case here. *See* 18 U.S.C. § 3142(e)(3)(E). "A grand jury indictment provides the probable cause required by the statute to trigger the presumption." *United States v. Walters*, 89 F. Supp. 2d 1217, 1220 (D. Kan. 2000) (citing *United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990)). The grand jury indictment in this case charges Defendant with offenses involving a minor victim, including receipt of child pornography, and thus raises the rebuttable presumptions of risk of flight and danger to the community. *Id*.

The burden of production on Defendant to overcome the presumption is not a heavy one, but Defendant must produce some evidence. *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991). Even if Defendant overcomes the presumption, the presumption remains a factor in the

court's detention decision. *Id*. The burden of proof remains with the government to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community. *United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002) (burden of persuasion regarding risk of flight and danger to community always remains with government). The government must prove dangerousness to any other person or the community by clear and convincing evidence. *Id*. at 1252.

### III.  Analysis

#### A. Nature and Circumstances of the Offense

The offense charged in Count One involves a minor victim and triggers the statutory presumption of detention.  18 U.S.C. § 3142(e)(3)(E).  Both Count One and Count Two are considered "crimes of violence" in the context of detention hearings.  18 U.S.C. § 3156(a)(4). Such offenses are particularly serious given that they involve victimization and sexual abuse of young children who are incapable of knowingly consenting to sexual conduct.

The government's proffer indicates there is evidence that Defendant's conduct went beyond simply possessing images of child pornography and involved direct communication with the parent of a young child about sexual abuse of that child.  The proffer indicates Defendant's communication encouraged the parent to engage in sexual abuse of the child and to share images of that abuse, and that the parent in fact shared an image of the minor with Defendant.  Such conduct indicates that Defendant's release would pose a high degree of danger to others in the community, particularly to minors who are unable to protect themselves.  This factor distinguishes Defendant's circumstance from cases involving only possession of images downloaded from the internet and weighs strongly in favor of detention based on the concern that Defendant's release would pose a danger to the community.

A second factor weighing in favor of detention in this case is the period of time over which Defendant was involved in the alleged offenses. The government's proffer and the materials submitted indicate the offense conduct charged in Count One occurred in July 2019. The offense conduct charged in Count Two allegedly occurred in December 2020, over a year-and-a-half after Count One. That significant period of time indicates an abiding interest in and pursuit of child pornography over a lengthy period, and suggests a high propensity to engage in such conduct.

### B. Weight of the Evidence

The government's proffer indicates the weight of the evidence is strong. The proffer indicates the government possesses evidence of electronic records supporting the allegations in the indictment, physical evidence obtained as a result of search warrants, and admissions by Defendant tending to support the allegations. The government represents that it has evidence connecting the communications and images at issue to Defendant and his residence. Given the weight of the evidence – which Defendant has essentially not disputed for purposes of this hearing – the inference of danger to the community is strengthened, and also weighs in favor of detention.

### C. History and Characteristics of Defendant

Defendant is a 47-year-old United States citizen. He was born in Bolivia to an American mother and a German father. He lived in Bolivia until age 11 and then moved with his parents to Paraguay. After spending one summer in the United States at age 16 he returned to Paraguay, where he lived until returning to the United States sometime between 2000 and 2004. Besides English, he is fluent in Spanish and speaks some German and Dutch. He has lived in Washington State and Colorado and reports prior work as a truck driver. Defendant reports working full-time until 2020 when he suffered a stroke. He has been divorced since his early twenties and lives by himself in Dighton, Kansas, where he owns a residence and a vehicle. Defendant is currently

unemployed and reports ongoing health issues. Defendant reports receiving income from unemployment benefits of approximately $3,500 per month (net $1,500 after living expenses) and has approximately $3,000 in cash. Defendant's mother and one of his siblings resides in Paraguay. He has two other siblings who live in Colorado. Defendant maintains contact with his family; one of his brothers from Colorado appeared at the detention hearing in support of Defendant. He has no prior criminal convictions or known criminal history outside of the instant conduct. Defendant's history and characteristics generally weigh in favor of release.

### D. Danger to the Community

The court is required to order the pretrial release of a person subject to conditions unless the court determines that such release will endanger the safety of any other person or the community. *See* 18 U.S.C. § 3142(b). "The concern about safety is to be given a broader construction than the mere danger of physical violence...." *United States v. Gilliard*, 722 F. App'x 818, 821 (10th Cir. 2018) (citing *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989)). Although *Gilliard* was concerned specifically with drug trafficking, Congress has determined that "the existence of and traffic in child pornographic images creates the potential for many types of harm in the community and presents a clear and present danger to all children." *United States v. Davin*, No. 12-10141-EFM, 2012 WL 2359419, at *3 (D. Kan. June 20, 2012) (quoting Pub. L. No. 104–208, § 121, 110 Stat. 3009 (codified at 18 U.S.C. § 2251)). That danger is specifically shown here by the government's proffer indicating Defendant communicated with the parent of a young child and encouraged sexual abuse of the child and the sharing of images of such sexual abuse. When combined with the proffered evidence relating to Defendant's admitted and long-term interest in child pornography, this factor strongly favors detention.

Taken as a whole, the available information concerning the § 3142 factors shows by clear and convincing evidence that Defendant's release would pose a danger to the community.[1] Furthermore, there are no conditions or combination of conditions that would reasonably assure the safety of the community if Defendant were released.  In this regard, the proffered evidence indicates the offenses at issue were committed at Defendant's residence – where he proposes to live if released – and were committed using the internet, which is easily accessible by a multitude of means and devices.  *See United States v. Ybarra*, No. 21-10061-JWB, 2021 WL 3849470, at *4 (D. Kan. Aug. 27, 2021) ("Access to the internet is gained not only from a home computer, but also from public computers and hand-held devices which are readily available and easily concealed."); *United States v. Renander*, 431 F. Supp. 3d 1240, 1246 (D. Colo. 2020) ("Moreover, cellular devices are usually small and easily concealed. Living with his parents and being subject to random searches by Pretrial Services is therefore not a combination of conditions that can reasonably ensure the community's safety.")  Even with a condition of monitoring Defendant's internet usage by the Probation Office (a condition that was imposed by the magistrate judge in the release order), there remain means of accessing the internet that would be available to a person who was strongly disposed to engage in such conduct.  The nature and circumstances of the alleged offense in this case strongly indicate Defendant has a propensity to engage in such conduct, to a degree that his release would pose an unacceptable risk of harm to the community even with conditions restricting his use of the internet.

**IV. Conclusion**

The government has carried its burden of proving by clear and convincing evidence that there is no combination of conditions that would reasonably assure the safety of others and the

---

[1] In view of this finding, the court need not determine whether detention is warranted based on the government's allegation that Defendant is a flight risk.

community if Defendant were released pending trial. The magistrate judge's order of release previously entered (Doc. 10) is accordingly REVOKED and the government's motion for detention (Doc. 12) is GRANTED.

Defendant Daniel Kroeker is hereby committed to the custody of the Attorney General, pending trial, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel and, upon an order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is held shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED this 4th day of May, 2022.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE